UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRANCE L. STRONG,                                          DECISION
                                                             and
                          Petitioner,                        ORDER
                 v.                                          ----------------------
                                                             REPORT
THE PEOPLE OF THE STATE OF NEW YORK,                         and
                                                             RECOMMENDATION
                          Respondent.
_____             20-CV-45V(F)

APPEARANCES:          TERRANCE L. STRONG, *Pro se*
                      14B3569
                      Elmira Correctional Facility
                      P.O. Box 500
                      1879 Davis Street
                      Elmira, New York 14901-0500

                      LETITIA A. JAMES
                      ATTORNEY GENERAL, STATE OF NEW YORK
                      Attorney for Respondents
                      JODI A. DANZIG
                      Assistant Attorneys General, of Counsel
                      28 Liberty Street
                      15th Floor
                      New York, New York  10005


## JURISDICTION

Petitioner commenced this action on January 13, 2020, requesting habeas relief

pursuant to 28 U.S.C. § 2254.  On January 11, 2021, Honorable Lawrence John L.

Sinatra, Jr. referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for

all pre-trial matters.  The matter is presently before the court on Petitioner's motion to

stay the Petition filed March 17, 2021 (Dkt. 20).[1]

---

[1] While Petitioner's motion to stay and hold petition in abeyance is non-dispositive, *see Mitchell v. Superintendent*, 2022 WL 856752, at * 1 (W.D.N.Y. March 23, 2022) (considering habeas petitioner's motion to stay and hold habeas petition in abeyance as non-dispositive, and citing cases), because the

## BACKGROUND and FACTS[2]

Petitioner Terrance L. Strong ("Petitioner" or "Strong"), proceeding *pro se*, filed a petition (Dkt. 1) ("Petition"), seeking habeas relief challenging a state court conviction by jury in New York State Supreme Court, Monroe County, on November 14, 2014, of four counts of assault in the second degree in violation of New York Penal Law ("N.Y. Penal Law") § 120.05[2], one count of attempted assault in the second degree in violation of N.Y. Penal Law §§ 110.00 and 120.05[1], and four counts of endangering the welfare of a child in violation of N.Y. Penal Law § 260.10 ("the conviction").  Petitioner was represented at trial by Monroe County Assistant Public Defender Sonya Zoghlin ("Zoghlin").  At sentencing on the conviction, Plaintiff was sentenced to an aggregate indeterminate prison term of twenty-three to twenty-five years, followed by five years of post-release conviction.

Petitioner's co-defendant on the criminal charges was one Nakenya J. Cooper-Jenkins ("Cooper-Jenkins"), the mother of the victims, who pleaded guilty to two counts of assault in the second degree for which she was sentenced to an aggregate determinate prison term of seven years, followed by five years of post-release supervision.  Cooper-Jenkins did not testify at Petitioner's trial.

Petitioner, represented by Monroe County Special Assistant Public Defendant Drew R. DuBrin ("DuBrin"), timely appealed his conviction to New York Supreme Court, Appellate Division, Fourth Department which, on May 3, 2019, affirmed, *People v. Strong*, 100 N.Y.S.3d 466 (4th Dept. 2019), and leave to appeal to the New York Court

---

undersigned is also reaching the merits of the Petition, in the interest of efficiency and judicial economy, both are addressed in this combined Decision and Order/Report and Recommendation.

[2] The Facts are taken from the pleadings and motion papers filed in this action.

of Appeals was denied on July 31, 2019. *People v. Strong*, 130 N.E.3d 1263 (N.Y. 2019) (table). Petitioner did not seek further appeal to the United States Supreme Court and the 90-days in which to do so expired on October 29, 2019. *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009) (holding when a petitioner does not seek *certiorari* in the United States Supreme Court, a state conviction becomes final ninety days after the New York Court of Appeals denies leave to appeal).

In the Petition (Dkt. 1) ("Petition"), Plaintiff asserts as grounds for habeas relief that the trial court erred by (1) denying Petitioner's for-cause challenge to Juror # 20, Petition, Ground One ("First Ground") and (2) denying Petitioner's request to instruct the jury on assault in the third degree, a lesser-included offense for assault in the second degree, a crime on which Petitioner was convicted of four counts, Petitioner, Ground Two ("Second Ground"). Respondent's answer was filed on December 13, 2021 (Dkt. 13) ("Answer"), attaching the state court record and transcripts pertaining to Plaintiff's trial (Dkts. 13-1 through 13-4).

On March 17, 2021, Petitioner filed the instant motion (Dkt. 20) ("Petitioner's Motion"), attaching the Memorandum of Law in Support of a Motion Seeking to Amend — For a First Time — The Petitioner's Petition for Relief and for a Stay and Abeyance of the Petition for Good Cause (Dkt. 20 at 2-15) ("Petitioner's Memorandum"), and the proposed amended habeas petition (Dkt. 20 at 18-33) ("Proposed Amended Petition"). Petitioner's proposed grounds for habeas relief include (1) ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments for failing to introduce into evidence at the trial a letter written by Petitioner's co-defendant and girlfriend, Cooper-

Jenkins ("Cooper-Jenkins Letter"),[3] in which Coopers-Jenkins acknowledges her own culpability and states her intention to shift blame for the charged crimes to Petitioner, Proposed Amended Petition, Proposed First Ground; (2) ineffective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments for challenging on direct appeal of Petitioner's conviction the trial court's denial of Petitioner's for-cause challenge to a prospective juror, an argument which appellate counsel should have known was without merit, *id*., Proposed Second Ground; and (3) the appellate court acted without jurisdiction in reviewing on appeal Petitioner's claim regarding the trial court's denial of his for-cause challenge to a prospective juror. *Id*., Proposed Third Ground.  Petitioner's Motion seeks not only to stay and hold in abeyance the Petition while Petitioner exhausts additional claims in state court and files an amended petition adding the putative newly exhausted claims, but also states Petitioner is withdrawing all claims presently before the court for habeas review in the Petition.  Petitioner's Memorandum at 5.

On June 23, 2021, Petition moved in the trial court pursuant to N.Y. Crim. Proc. Law ("N.Y. C.P.L.") § 440.10 ("§ 440 Motion") to vacate his conviction on the basis of ineffective assistance of trial counsel based on, as relevant here, his trial counsel's failure to introduce into evidence at Petitioner's trial the Cooper-Jenkins Letter and to call Cooper-Jenkins as a witness.  On January 11, 2022, Petitioner's § 440 Motion was denied.  *See* Dkt. 26 at 140-45

On July 25, 2022, Respondent filed the Declaration [of Assistant Attorney General Jodi A. Danzig] in Opposition to Motion to Amend and Stay (Dkt. 26) ("Danzig

---

[3] Because the copy of the Cooper-Jenkins Letter, filed as Dkt. 26 at 62, is illegible, Petitioner includes an asserted typewritten transcription of the Cooper-Jenkins Letter, filed as Dkt. 26 at 63.

Declaration"), attaching exhibits A through D ("Respondent's Exh(s). __"), and the Memorandum of Law in Opposition to Petitioner's Motion to Amend the Petition and Stay the Proceeding (Dkt. 27) ("Respondent's Memorandum").  To date, Petitioner has not filed anything in further support of Petitioner's Motion.  Oral argument was deemed unnecessary.

Based on the following, Petitioner's Motion is DENIED; the Petition should be DISMISSED.

## DISCUSSION

**1.    Motion to Amend**

"Motions to amend pleadings are generally controlled by Fed.R.Civ.P. 15(a) which requires that leave to amend 'shall be freely given when justice so requires.'" *Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001).  *See Graham v. United States of America*, 2021 WL 2983070, at * 5 (W.D.N.Y. July 9, 2021) ("the standard for granting or denying a motion to amend is governed by Federal Rule of Civil Procedure 15(a).") (citing *Littlejohn*, 271 F.3d at 363).  "[A]lthough Rule 15 requires that leave to amend be 'freely given,' district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," *Littlejohn*, 271 F.3d at 363 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), or futile, *Foman*, 371 U.S. at 182.

Respondent moves to withdraw the grounds raised in the Petition and to assert new grounds including (1) ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments for failing to introduce into evidence at the trial a letter written by Petitioner's co-defendant and girlfriend, Cooper-Jenkins, in which Coopers-

Jenkins acknowledges her own culpability and states her intention to shift blame for the charged crimes to Petitioner, Proposed Amended Petition, Proposed First Ground; (2) ineffective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments for challenging on direct appeal of Petitioner's conviction the trial court's denial of Petitioner's for-cause challenge to a prospective juror, an argument which appellate counsel should have known was without merit, *id*., Proposed Second Ground; and (3) the appellate court acted without jurisdiction in reviewing on appeal Petitioner's claim regarding the trial court's denial of his for-cause challenge to a prospective juror, *id*., Proposed Third Ground (together, "Proposed Grounds").   Respondent argues in opposition that amendment of the Petition would be futile because the limitations period for each of the proposed grounds expired more than four months before Petitioner filed his motion to amend, Respondent's Memorandum at 5-8, such that any motion to stay would be moot, *id*. at 8-9, the Proposed Amended Petition contains unexhausted claims, *id*. at 9, and even if the court were to construe the Proposed Amended Petition as a 'mixed' petition, which would permit the court to consider exhausted claims, the proposed grounds for habeas relief are plainly meritless, *id*. at 9-14, and Petitioner has not shown good cause for failing to exhaust.  *Id*. at 14-16.  Petitioner has not argued in further support of his motion to amend.

     **A.**    **Limitations Period, Tolling and Stay**

     In support of his motion, Petitioner maintains the filing of the Petition on January 13, 2020 tolled the statute of limitations.  Petitioner's Memorandum at 14.  Defendant argues that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Plaintiff's proposed claims for habeas relief were time-barred four months before

Petitioner's Motion was filed on March 17, 2021, which places a one-year statute of limitations on a prisoner's right to seek federal habeas review of a state criminal conviction pursuant to 28 U.S.C. § 2254, such that Petitioner's proposed grounds are not subject to tolling, nor is there any reason to stay the Petition to permit Petitioner to exhaust in state court grounds that are time-barred.  Respondent's Memorandum at 5-8 (citing 28 U.S.C. § 2244(d)(1)(A).

It is undisputed that the AEDPA's one-year limitations period, 28 U.S.C. § 2244(d)(1)(A) ("§ 2244(d)(1)(A)"), applies to the Proposed Grounds.  Section 2244(d)(1)(A) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year limitations period applicable to habeas petitions "'runs from the latest of a number of triggering events, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015), *as corrected* (Nov. 12, 2015) (quoting *Rivas v. Fischer,* 687 F.3d 514, 533 (2d Cir.2012) (internal quotation omitted)).  In particular, "the AEDPA limitations period specified in Section 2244(d)(1)(A) does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or — if the prisoner elects not to file a petition for certiorari — the time to seek direct review via certiorari has expired."  *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

In the instant case, Petitioner's conviction became final on October 29, 2019, *i.e.*, with the expiration of the 90-days from the denial of Petitioner's request for leave to

appeal to the New York Court of Appeals in which Petitioner was to petition for *certiorari*, but did not. *See Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005) (considering, for purposes of habeas corpus limitations period, state court conviction to be final 90 days after Court of Appeals denied leave to appeal where petitioner did not petition for *certiorari* from the Supreme Court). *See also Hizbullahankhamon v. Walker*, 255 F.3d 65, 68 (2d Cir. 2001) (acknowledging habeas petitioner's state court conviction became final on "the date on which the time to petition for *certiorari* to the Supreme Court of the United States expired.").

Contrary to Petitioner's argument, Petitioner's Memorandum at 14, the filing of the Petition on January 13, 2020, did not toll the one-year limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding the filing of a federal habeas petition does not toll the limitations period). Nor does Petitioner's filing, after the one-year limitations period has elapsed, of his § 440 Motion seeking post-conviction relief on the proposed grounds, which were not previously exhausted, reset or restart the limitations period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (holding that although the filing for state post-conviction relief during the one-year statute of limitations period under the AEDPA will trigger the tolling allowance under 28 U.S.C. § 2244(d)(2), the filing for state post-conviction relief *after* the one-year limitations period has expired does not reset the date from which the one-year statute of limitations runs). Accordingly, the proposed claims are time-barred under 28 U.S.C. § 2244(d)(1)(A), measuring the one-year limitations period from the date Petitioner's conviction became final on October 29, 2019, *i.e.*, October 29, 2020, rendering moot Petitioner's request for a stay while he

exhausts the Proposed Grounds, unless Petitioner can establish his Proposed Grounds are equitably tolled.

"A petitioner may secure equitable tolling of the limitations period in certain 'rare and exceptional circumstance[s].'" *Martinez*, 806 F.3d at 31 (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000).  (internal quotation marks omitted), and citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)).  To secure equitable tolling, "[t]he petitioner must establish that (a) 'extraordinary circumstances' prevented him from filing a timely petition, and (b) he acted with 'reasonable diligence' during the period for which he now seeks tolling."  *Id*. (quoting *Smith,* 208 F.3d at 17).  Petitioner can establish neither in the instant case.

In particular, Petitioner's Proposed First Ground of ineffective assistance of trial counsel for failing to introduce into evidence at trial the Cooper-Jenkins Letter is not subject to equitable tolling because Petitioner was aware of the Cooper-Jenkins Letter while detained at the Monroe County Jail awaiting trial on the charges on which he was convicted.  *See* Danzig Declaration, Exh. E to Exh. A (Dkt. 26 at 65-66) (affidavit of Petitioner's mother, Linda D. Hall ("Hall") ("Hall Affidavit") attached to Petitioner's § 440 Motion, in which Hall explains that Petitioner received the Cooper-Jenkins Letter on January 22, 2013, while detained and awaiting trial on the charges, and that Petitioner provided the letter to his trial counsel, Zoghlin, who refused to use such letter at Petitioner's trial because Zoghlin preferred Petitioner take a plea).  Petitioner does not dispute any of Hall's statements in the Hall Affidavit, and Petitioner's Memorandum in support of his § 440 Motion establishes Petitioner was in possession of the Cooper-Jenkins Letter prior to his trial, *see* Dkt. 29 at 29-30 (Petitioner stating he received the

Cooper-Jenkins Letter on January 22, 2013, while being held in Monroe County Jail pending trial), such that Petitioner could have exhausted the Proposed First Ground prior to the expiration of the one-year limitations period applicable to habeas actions.

Nor can Petitioner claim he was unaware of the facts underlying his Proposed Second and Third Grounds asserting ineffective assistance of appellate counsel for challenging on direct appeal the trial court's denial of Petitioner's for-cause challenge to a prospective juror, an argument which appellate counsel should have known was without merit, Proposed Second Ground, and that the appellate court acted without jurisdiction in reviewing on appeal Petitioner's claim regarding the trial court's denial of his for-cause challenge to a prospective juror.  Proposed Third Ground.  Specifically, a habeas petitioner is charged with contemporaneous knowledge of matters occurring at trial.  *See Milton v. Lee*, 2019 WL 1958262, at * 2 (E.D.N.Y. May 2, 2019) (rejecting petitioner's argument that he was denied ineffective assistance of counsel and due process based on the prosecutor's withdrawal at trial on the counts on which the petitioner was charged, and dismissing the petition as time-barred because the petitioner could not argue that he was unaware of facts that occurred at the trial), *leave to appeal denied*, 2019 WL 6273401 (2d Cir. 2019).  Accordingly, Petitioner's assertion, Petition's Memorandum at 5, that he was unaware that his appellate counsel asserted on appeal a plainly meritless argument challenging the trial court's denial of Petition's prospective juror challenge for cause until Petitioner received a copy of the trial transcript in February 2021 is without merit.  Similarly, Petitioner cannot assert he was unaware that the New York Supreme Court, Appellate Division, Fourth Department overstepped its jurisdiction in reaching the merits of the appeal of the trial court's denial

of the for-cause challenge to the prospective juror because the Petitioner was aware of the Appellate Division's decision on Petitioner's direct appeal of his conviction when he filed the original Petition on January 13, 2020. *see* Petition at 2 (reporting the Appellate Division affirmed the conviction on May 3, 2019), and Petitioner thus could have asserted his lack of jurisdiction claim at that time.  Accordingly, Petitioner cannot establish his prospective grounds were equitably tolled.

Nor would construing the Petition as a mixed petition allow for the Petition to be stayed while Petitioner exhausts the Proposed Grounds because, as discussed above, Discussion, *supra*, at 10, Petitioner has not shown good cause for failing to exhaust the Proposed Grounds.  *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (a district court would abuse discretion by denying a stay and dismissing a mixed petition if the petitioner had good cause for failing to exhaust, the unexhausted grounds are potentially meritorious, and there is no indication the petitioner engaged in intentionally dilatory litigation tactics).  Further, although nothing indicates Petitioner engaged in intentionally dilatory litigation tactics, as discussed below, the Proposed Grounds are not potentially meritorious.

### B.  Futility

Petitioner's Motion for leave to file the Proposed Amended Petition is denied because the proposed claims asserted therein are not potentially meritorious and, thus, are futile.  *See Foman*, 371 U.S. at 182 (leave to amend may be denied where proposed amendment would be futile).

With regard to Proposed Ground One in which Petitioner seeks to assert an ineffective assistance of trial counsel claim based on Zoghlin's failure to introduce into

evidence at the trial a letter written by Petitioner's co-defendant and girlfriend, Cooper-Jenkins, in which Coopers-Jenkins acknowledges her own culpability and states her intention to shift blame for the charged crimes to Petitioner, Proposed Amended Petition, Proposed First Ground, such claim must be analyzed according to the standards set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland,* the Court stated that the test for an ineffective assistance claim is whether petitioner received "reasonably competent assistance" that did not fall "below an objective standard of reasonableness."  *Id.* at 688.  Generally, defense counsel is "strongly presumed to have rendered adequate assistance . . .."  *Id.* at 690.  To succeed on such a claim, then, petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Id.* at 689 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).  After establishing "unreasonableness," Petitioner must then establish that he was actually prejudiced by counsel's errors.  *Strickland, supra,* 466 U.S. at 692.  Prejudice is established upon a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

This court determines the presence or absence of prejudice by considering the totality of the trial evidence.  *Id.* at 695.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Id.* at 691.  "To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Knowles v. Mirzayance,* 556 U.S. 111, 127 (2009).  Generally, an attorney is given wide latitude in his or her trial strategy.  *Strickland, supra,* 466 U.S. at 689.  When a court is called to analyze an attorney's trial strategy for instances of ineffective assistance, an attorney enjoys "a strong presumption that [his or her] conduct falls within the wide range of reasonable professional assistance."  *Strickland, supra,* 466 U.S. at 689.

In the instant case, it is improbable that Petitioner can meet this challenge to his trial counsel's failure to introduce the Cooper-Jenkins Letter into evidence, particularly because a fair reading of the letter, as transcribed by Petitioner, Dkt. 26 ot 63, establishes it does not exonerate Petition with regard to the charges on which Petitioner was convicted.  In particular, in the Cooper-Jenkins Letter, as relevant here, Cooper-Jenkins, who was also charged with abusing the same victims and was Petitioner's co-defendant, plainly states her intention to blame Petitioner for her involvement in the crimes for which the two were charged.  Cooper-Jenkins, however, does not make any statements which, even under the most liberal construction. would establish Petitioner was not guilty.  Simply put, Cooper-Jenkins's blaming Petitioner for the criminal conduct of which Cooper-Jenkins was accused does not support that Petitioner did not engage in the conduct.  Furthermore, not only is the Cooper-Jenkins Letter not sworn to, but Petitioner's typewritten transcription of it, in light of the illegible copy of the handwritten letter, would not be admissible at trial absent some authentication of it, which Petitioner does not describe.  Accordingly, Proposed Ground One is not potentially meritorious such that permitting Petitioner to file the Proposed Amended Petition to assert such claim would be futile.

Petitioner's Proposed Ground Two seeks to assert ineffective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments based on Zoghlin's challenging on direct appeal of Petitioner's conviction the trial court's denial of Petitioner's for-cause challenge to a prospective juror, an argument which appellate counsel, DuBrin, should have known was without merit.  Proposed Second Ground. To succeed on an ineffective assistance of appellate counsel claim, a habeas petitioner must show "his counsel was objectively unreasonable in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues," as well as "a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2009) (internal citation omitted).  Although the Appellate Division found this claim was without merit, *Strong*, 100 N.Y.S.3d at 468, a trial court's denial of a for-cause challenge of a prospective juror can provide a ground for habeas relief where the defendant must use a preemptory challenge to prevent the prospective juror from being seated, resulting in the defendant being tried before a jury that is not impartial.  *See Ross*, 487 U.S. at 88 ("So long as the jury that sits is impartial, the fact that the petitioner had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.").  *See also Cruz v. Jordan*, 357 F.3d 269, 271 (2d Cir. 2004) ("[T]he Supreme Court has made clear, at least in the criminal context, that a party's use of a peremptory strike to cure a court's erroneous failure to dismiss a juror 'for cause' effects neither a constitutional nor a rule-based deprivation, as long as the jury eventually empaneled is impartial.").  Here, Petitioner does not assert the jury was not impartial.  Proposed

Ground Two thus is not potentially meritorious such that permitting Petitioner to file the Proposed Amended Petition to assert such claim would be futile.

With regard to Petitioner's Proposed Ground Three that the appellate court acted without jurisdiction in reviewing on appeal Petitioner's claim regarding the trial court's denial of his for-cause challenge to a prospective juror, because the claim raised on appeal challenging the trial court's denial of Petitioner's for-cause challenge to the potential juror could have provided a valid ground for appeal if the appellate court found the jury that convicted Petitioner was not impartial, it logically follows that the appellate court did not overstep its jurisdiction by reviewing such claim on direct appeal. Therefore, Proposed Ground Three is not potentially meritorious such that permitting Petitioner to file the Proposed Amended Petition to assert such claim would be futile.

Petitioner's Motion seeking leave to file the Proposed Amended Petition is DENIED.

## 2.   Withdrawal of Habeas Grounds

Petitioner, in support of his motion to amend, states that he "respectfully withdraws all grounds raised on his federal petition," and seeks to replace the original grounds with the new grounds Petitioner set forth in an amended petition.  Petitioner's Memorandum at 5.  See Respondent's Memorandum at 1 ("To the extent that petitioner seeks to dismiss all pending claims, respondent does not oppose this request.").  As discussed, Discussion, *supra*, at  6-14, the undersigned has denied Petitioner's Motion; as such, no amended petition will be filed.

Accordingly, Petitioner's withdrawal of the original grounds on which he sought habeas relief essentially moots the Petition, such that the Petition should be

DISMISSED.  Nevertheless, because the Petition is before the court upon Judge Vilardo's referral, the undersigned addresses, in the alternative, the merits of the original grounds on which Petitioner seeks habeas relief.

**3.     Standard of Habeas Review**

Petitioner seeks habeas corpus relief on two grounds including that the trial court violated Petitioner's constitutional rights by (1) denying Petitioner's for-cause challenge to Juror # 20 ("First Ground"), and (2) denying Petitioner's request to instruct the jury on assault in the third degree, a lesser-included offense for assault in the second degree, a crime on which Petitioner was convicted of four counts ("Second Ground").  In the Answer, Respondent asserts that neither ground supports habeas relief.  Answer at 3.

In reviewing habeas petitions, a federal court is not permitted to act as appellate courts to review matters within the jurisdiction of the state courts, or review specific rulings and decisions of state trial and appellate courts not involving federal constitutional claims; rather, the court is to determine whether the proceedings in the state court, as challenged by a habeas petition, amount to a violation of the Petitioner's federal constitutional rights as declared by the Supreme Court.  28 U.S.C. § 2254(d)(1); *Coleman v. Thompson,* 501 U.S. 722, 730 (1991) ("When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States'" (quoting 28 U.S.C. § 2254(a)), *reh'g denied,* 501 U.S. 1277 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012).  Accordingly, federal review of state court convictions is limited to errors of such federal constitutional magnitude they

necessarily deny the criminal defendant the right to a fundamentally fair trial.  *Cupp v. Naughton,* 414 U.S. 141, 147 (1973).

Pursuant to § 2254, as amended by the AEDPA, a federal court must give substantial deference to a state court determination that has "adjudicated [the federal constitutional claim] on the merits."  28 U.S.C. § 2254(d); *Sellan v. Kuhlman,* 261 F.3d 303, 309–10 (2d Cir.2001).  The AEDPA requires that where a state court has adjudicated the merits of a petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) ("§ 2254(d)").

Under *Williams v. Taylor,* 529 U.S. 362, 364 (2000), a federal habeas court may grant relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts.  *Id.*  This AEDPA requirement for habeas relief applies to petitions filed on or after the statute's April 24, 1996 effective date, *see, e.g., Williams,* 529 U.S. at 402; *Lindh v. Murphy,* 521 U.S. 320, 336 (1997); *Smith v. McGinnis,* 208 F.3d 13, 15 (2d Cir.2000) (*per curiam* ), *cert. denied,* 531 U.S. 840 (2000), and thus applies to the Petition.  State court decisions involve unreasonable application of Supreme Court caselaw where such decisions "identif[y] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably appl[y] that principle to the facts of [a] prisoner's case."  *Id.*  A federal habeas court must

therefore apply the § 2254(d) deferential review standard where the state court has

"adjudicated [the federal claim] on the merits," 28 U.S.C. § 2254(d), and, in instances

where claims have not been adjudicated on the merits, apply the pre-AEDPA *de novo*

review standard, even where the petition was filed after the effective date of the statute.

*Sellan,* 261 F.3d at 314; *Boyette v. Lefevre,* 246 F.3d 76, 89, 91 (2d Cir.2001).

Pursuant to 28 U.S.C. § 2254(e) (" § 2254(e)"), formerly 28 U.S.C. § 2254(d), the

state court's determination as to evidentiary matters is presumed correct, unless the

federal habeas court concludes that the relevant state court determination is not fairly

supported by the record, *Sumner v. Mata,* 449 U.S. 539, 546–47 (1981), and it is the

burden of the petitioner to establish, by clear and convincing evidence, that the court's

factual determination is erroneous.  28 U.S.C. § 2254(e)(1).  Section 2254(e), applies by

its terms, "to factual determinations made by state courts, whether the court be a trial

court or an appellate court."  *Sumner,* 449 U.S. at 547.

In this case, with regard to the Petition, the court is in possession of the complete

state record, including the motions, hearings and trial transcripts, and briefs filed in

connection with Petitioner's direct appeal to the Appellate Division.  Petitioner has not

requested that the court conduct an evidentiary hearing prior to resolving his claims as

alleged in the Petition, and does not otherwise challenge the record as inaccurate.

Accordingly, the court finds an evidentiary hearing unnecessary.

## 4. Merits of Petitioner's Asserted Grounds

### A.    Denial of For-Cause Challenge to Juror

Petitioner claims the trial court judge erred by denying Petitioner's challenge for

cause of a prospective juror who "exhibited a bias that cast doubt about her ability to be

fair and impartial in a child abuse case as this one . . . . [because] the prospective juror never unequivocally expressed that her verdict would be fair and impartial, entirely free from bias."  Petition, Ground One.  After the trial judge denied Petitioner's challenge to the prospective juror for cause, Petitioner exercised a preemptory challenge to keep the juror off the jury.  SR[4] at 16.  According to Respondent, because such juror did not sit on the jury that convicted Petitioner, the trial judge's failure to accept Petitioner's for-cause challenge is not a federal constitutional claim for which habeas relief is available.

The Sixth Amendment provides that every criminal defendant has the right to trial by an impartial jury.  *Duncan v. Louisiana,* 391 U.S. 145, 159 (1968).  The Supreme Court has specifically held that an erroneously denied for-cause challenge to a prospective juror results in no constitutional error unless that juror is actually seated on the jury.  *Ross*, 487 U.S. at 88); *accord United States v. Martinez–Salazar,* 528 U.S. 304, 313 (2000).  Although Petitioner had to use a peremptory challenge to strike the subject juror, "the loss of a peremptory challenge [does not] constitute[ ] a violation of the constitutional right[ ] to an impartial jury."  *Ross,* 487 U.S. at 88 ("So long as the jury that sits is impartial, the fact that the petitioner had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.").  S*ee Martinez–Salazar,* 528 U.S. at 307 ("[I]f the defendant elects to cure [a judge's error] by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any . . . constitutional right.").  *See also Cruz v. Jordan*, 357 F.3d 269, 271 (2d Cir. 2004) ("[T]he Supreme Court has made clear, at least in the criminal context, that a party's use of a peremptory strike to cure a court's

---

[4] References to "SR" are to the pages of the State Court Record filed as Dkt. 13-2.

erroneous failure to dismiss a juror 'for cause' effects neither a constitutional nor a rule-based deprivation, as long as the jury eventually empaneled is impartial.").

In the instant case, not only was the prospective juror against whom Petitioner unsuccessfully challenged for cause not seated on the jury that returned the verdict of conviction, but Petitioner does not allege, either in his Petition, or in his appeal of the state court conviction, that any of the jurors sitting on the jury were biased.  Accordingly, even though Petitioner had to use his final preemptory challenge to prevent the subject prospective juror from being seated on the jury, petitioner is not entitled to habeas relief on this ground.

Petitioner's First Ground for habeas relief is without merit.

### B.     Failure to Instruct Jury on Lesser-Included Charge

Petitioner claims the trial court "erroneously refused to charge the Jury on assault in the third degree . . . as a lesser included offence of assault in the second degree." Petition, Ground Two.  According to Petitioner, there was a reasonable factual dispute as to whether the object Petitioner used to assault the victims was a "dangerous instrument" as defined in New York Penal Law, such that the jury, if instructed on assault in the third degree, may have convicted Petitioner on the lesser charge.  *Id*. Respondent maintains that instructing a jury on a lesser included charge is not a ground for federal habeas relief.  Answer at 3.

"[T]he Supreme Court has held that due process requires a trial court to submit jury instructions regarding lesser-included offenses in capital cases," *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996), but has never addressed "whether the Due Process Clause would require the giving of such instructions in a noncapital case."  *Beck v.*

*Alabama*, 447 U.S. 625, 638 n. 14 (1980).  Significantly, "[i]n the absence of clearly

established Supreme Court law, 'the Second Circuit has held that federal courts may

not consider habeas claims based on a trial court's failure to instruct on a lesser

included offense in a noncapital case.'"  *Brito v. Keyser*, 2020 WL 995826, at * 2

(S.D.N.Y. Mar. 2, 2020) (quoting *Young v. Great Meadow Corr. Facility Superintendent*,

2019 WL 636952, at * 9 (S.D.N.Y. Jan. 18, 2019) (citing *Jones*, 86 F.3d at 48), *report*

*and recommendation adopted*, 2019 WL 632753 (S.D.N.Y. Feb. 14, 2019))).

Accordingly, the trial court's failure to instruct the jury on a lesser included offense is not

a ground for habeas relief.

      Petitioner's Second Ground for habeas relief is without merit.


### CONCLUSION

      Based on the foregoing, Petitioner's Motion (Dkt. 20) is DENIED; the Petition

should be DISMISSED.  The Clerk of Court should be directed to close the file.

SO ORDERED, as to Petitioner's Motion.

           /s/ *Leslie G. Foschio*

         _____
            LESLIE G. FOSCHIO
        UNITED STATES MAGISTRATE JUDGE

      Respectfully submitted, as to the Petition,

           /s/ *Leslie G. Foschio*

         _____
            LESLIE G. FOSCHIO
        UNITED STATES MAGISTRATE JUDGE

DATED:     August 29th, 2022
           Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.  Pursuant to Fed.R.Civ.P. 72(a), Petitioner shall have fourteen (14) days from service of this Decision and Order to file written objections with the District Judge.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Petitioner and to the attorneys for the Respondent.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      August 29th, 2022
            Buffalo, New York