UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERRANCE L. STRONG,

        Petitioner,

    v.                                               20-CV-45-LJV-LGF
                                                          DECISION & ORDER
THE PEOPLE OF THE STATE OF NEW
YORK,

        Respondent.

---

On January 13, 2020, the *pro se* petitioner, Terrance L. Strong, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Docket Item 1.  Strong was convicted in New York State Supreme Court, Monroe County, of second- and third-degree assault, second-degree attempted assault, and child endangerment.  *Id.* at 1; Docket Item 13 at ¶ 2.  His petition alleges that his conviction was unconstitutionally obtained because the trial court erroneously denied his for-cause challenge to a prospective juror and failed to give a lesser-included offense instruction.  Docket Item 1 at 5-7.

On January 11, 2021, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 15.  About two months later, Strong moved to file an amended petition and asked for a stay and abeyance so that he could exhaust any unexhausted claims in his amended petition in state court.  *See* Docket Item 20.  In that motion, Strong also "respectfully withdr[ew] all grounds raised [in] his federal petition."  *Id.* at 6.  The respondent "d[id] not oppose" Strong's second request.  Docket Item 27 at 3.

On August 29, 2022, Judge Foschio issued a combined Decision and Order ("D&O") and Report and Recommendation ("R&R") denying Strong's motion for a stay and abeyance and finding that Strong's petition should be dismissed.  Docket Item 29. The parties did not appeal the D&O or object to the R&R, and the time to do so now has expired.[1]  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's decision as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to dismiss Strong's petition on the grounds that Strong voluntarily withdrew it.  And this Court agrees with Judge Foschio that the proposed

---

[1] On November 9, 2022, this Court extended Strong's time to object to Judge Foschio's joint D&O and R&R because there was no indication on the docket that the decision had been mailed to Strong at his Groveland Correctional Facility address.  *See* Docket Item 30.  The decision then was mailed to Strong at both the Elmira Correctional Facility and the Groveland Correctional Facility.  *See id.*  Six days later, a copy of the decision that was sent to Strong's Elmira Correctional Facility address was returned as undeliverable; the returned mailing noted that "[the] inmate refuses to accept legal mail." Docket Item 31.  The decision mailed to Strong at Groveland Correctional Facility was not returned, however, so Strong presumably received a copy.

The extension of time to object now has expired, and Strong has not objected.

claims in Strong's amended petition are time barred and that Strong is not entitled to a stay and abeyance to exhaust any unexhausted claims.

For the reasons stated above and in the joint D&O and R&R, Strong's petition for a writ of habeas corpus, Docket Item 1, is DISMISSED. The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962). The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

Strong must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   January 10, 2023
         Buffalo, New York

                                          /s/ Lawrence J. Vilardo
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE